IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EUGENE GRAY,

     Plaintiff,

v.                             Civil Action No. 3:14cv488

HOME DEPOT,

     Defendant.


**MEMORANDUM OPINION**

This matter is before the Court on RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT (Docket No. 13) filed by the defendant Home Depot U.S.A., Inc. ("Home Depot"); PLAINTIF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Docket No. 16); and the MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(E) filed by Home Depot. (Docket No. 17).

These motions present the following issues:

1.    Whether Plaintiff's First Amended Complaint[1] pleads facts that are sufficient to state a claim to relief.

2.    If the First Amended Complaint does not plead facts sufficient to state a claim for relief, whether the Court should grant Plaintiff's Motion to File a Second Amended Complaint.

3.    Whether the Court should grant the MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(E) filed by Home Depot and set a hearing on Home Depot's Motion to Dismiss.

---

[1] Plaintiff's Amended Complaint (Docket No. 11) is referred to as the First Amended Complaint to distinguish it from the proposed Second Amended Complaint filed as an attachment to Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 16).

## PROCEDURAL BACKGROUND

Eugene Gray originally filed his Complaint in the Circuit Court for the City of Richmond. (Docket No. 1-1, Compl., Attach 1.)   Home Depot timely removed the case to this Court. (Docket No. 1, Notice of Removal.)

Pursuant to Fed. R. Civ. P. 12(b)(6), Home Depot filed a motion to dismiss the Complaint (Docket No. 3).   In response, Gray filed a Motion for Leave to File an Amended Complaint as well as a Response to Defendant's 12(b)(6) Motion to Dismiss. (Docket Nos. 5, 6.)   On August 19, 2014, the Court entered two separate Orders granting Gray's Motion to Amend and denying Home Depot's Motion to Dismiss "without prejudice to the re-filing of a Motion to Dismiss the Amended Complaint." (Docket Nos. 10, 12.)   In accordance with this Court's Order, Gray timely filed the First Amended Complaint (Docket No. 11.)

Two weeks later, Home Depot filed the pending motion to dismiss the First Amended Complaint (Docket No. 13.)   In response, Gray filed the Motion for Leave to File a Second Amended Complaint instead of a brief in opposition to the motion to dismiss the First Amended Complaint. (Docket No. 16.)   Home Depot filed the MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(E) (Docket No. 17).

## FACTUAL BACKGROUND

Gray's claims arise out of an incident that occurred on November 6, 2013 at a Home Depot retail location.   (See Docket No. 11, Am.

Compl., at ¶ 6.). According to the First Amended Complaint,[2] Gray attempted to return ten cans of unused spray paint that he had purchased from Home Depot on or around October 27, 2012. (Id. at ¶¶ 7-8.). Gray says that he witnessed a "younger white male" successfully return several cans of spray paint without a receipt. (Id. at ¶¶ 9-10.) Then, Gray attempted to return his spray paint cans without a receipt. The same Home Depot employee who processed the white male's return[3] refused to allow Gray to return his spray paint cans. (Id. at ¶¶ 11,13). Gray then asked the employee if he could receive store credit or exchange the cans, and the Home Depot employee denied his requests. (Id. at ¶¶ 14-15). Gray was "frustrated" by the situation and told the employee he "didn't want to argue" because an argument would aggravate his "high blood pressure and [k]idney problems." (Id. at ¶ 13). Gray asked to speak to a manager, but a manager never came to speak with him. (Id. at ¶ 16.)

Notwithstanding Gray's alleged statement that he didn't "want to argue about his right to return merchandise," the First Amended

---

[2] The facts outlined in this section summarize those presented by Gray in the First Amended Complaint and those factual allegations are accepted as true for purposes of this motion. The facts presented in the proposed Second Amended Complaint are slightly different than those contained in the First Amended Complaint. The facts presented in the proposed Second Amended Complaint are outlined in the section of this Memorandum Opinion addressing whether the Court should grant the motion to amend.

[3] Gray asserts that this younger white male was issued store credit. (Am. Compl. ¶ 10).

3

Complaint asserts that a "hostile argument" occurred. (Id. at ¶¶ 13-17). Gray says that he was "in a state of shock" after the argument and asserts that he "has suffered, continues to suffer, and will continue to suffer" from various ailments including: "emotional distress . . . insomnia . . . high blood pressure affecting and complicating his end stage renal dialysis treatment and destroying his kidney function . . . stomach pain . . . headaches . . . physical pain, and back muscle spasms requiring physical therapy . . . [and] pain medication." (Id. at ¶¶ 17, 37-38).

Generally, Gray asserts in his First Amended Complaint that this incident involved a violation of Home Depot's return policy and was motivated by racial bias. He seeks injunctive relief, compensatory damages for various physical and emotional damages, punitive damages, and attorney fees. (Id. at ¶¶ 64-66.)

The First Amended Complaint contains six counts.[4] Count I alleges that Home Depot violated the Virginia Human Rights Act, Virginia Code Ann. §§ 2.2-3900 et seq. (Id. at ¶¶ 20-31.) Count II seeks to recover for the "intentional and negligent infliction of emotional distress." (Id. at ¶¶ 32-38.) Count III alleges that Home Depot violated Title VII's provisions related to contracts. (Id. at ¶¶ 39-46.) Count IV seeks to recover for Home Depot's alleged negligence in hiring and training. (Id. at ¶¶ 47-50.) Count V

---

[4] The proposed Second Amended Complaint deletes the tortious interference with contract claim and adds a claim under Title III of the Americans with Disabilities Act.

alleges that Home Depot, an alleged place of public accommodation, violated 42 U.S.C. § 2000.  (Id. at ¶¶ 51-56).  Count VI alleges tortious interference with contract. (Id. at ¶¶ 57-63).

### STANDARD FOR DISMISSAL UNDER FED. R. CIV. 12(b)(6)

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint.  Jordan v. Alternative Resources Corp., 458 F.3d 332, 338 (4th Cir. 2006).  A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Fed R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Earl v. Norfolk State Univ., 2014 U.S. Dist. LEXIS 88652 (E.D. Va June 26, 2014).  Together, these rules require a plaintiff to allege facts that are sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, the court "must accept as true all of the factual allegations contained in the Complaint and draw all reasonable inferences in favor of the plaintiff." Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted).  While the

5

well-pled factual allegations of a Complaint must be accepted as true, the Court need not accept legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Jones v. Imaginary Images, Inc., 2012 U.S. Dist. LEXIS 111682, *11-12 (E.D. Va. Aug 8, 2012)(citing E. Shore Mkts., Inc. v. T.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). As a general rule, extrinsic evidence should not be considered. However, it is appropriate for the court to consider the documents attached to, or referenced in, the complaint and any relevant matters of public record. Krane v. Capital One Servs., 314 F. Supp. 2d. 589, 596 (E.D. Va. 2004). The court may also consider a document attached to the motion to dismiss if it is "integral to and explicitly relied on in the complaint and the plaintiffs do not challenge its authenticity." Am. Chiropractic v. Trigon Healthcare, 367 F.3d 212, 234 (4th Cir. 2004).

The fact that this case involves a *pro se* plaintiff does not significantly alter the analysis because, "[w]hile a court must typically construe the pleadings of a pro se plaintiff liberally, a court considering a motion to dismiss must still evaluate the pro se plaintiff's pleadings according to the standards developed under Rule 12. Jones v. Imaginary Images, Inc., 2012 U.S. Dist. LEXIS 111682, *14 (E.D. Va. Aug 8, 2012) (Spencer) (internal citations omitted). Though pro se plaintiffs are properly accorded some leniency, the court need not and should not "conjure up facts not

plead to support conclusory allegations." <u>Easter v. Virginia</u>, 2006 U.S. Dist. LEXIS 101668 (E.D. Va. Aug. 29, 2006).

## DISCUSSION

1. **Whether Plaintiff's First Amended Complaint Pleads Facts That Are Sufficient To State A Claim For Relief**

   A. **Virginia Human Rights Act**

Count I of the First Amended Complaint alleges that Home Depot violated the Virginia Human Rights Act.  (Docket No. 11, Am. Compl., at 5-7).  That statute reflects the policy of the Commonwealth of Virginia to "safeguard individuals. . . from unlawful discrimination . . . in places of public accommodation[,] . . . in real estate transactions[,] [and] in employment."  Va. Code. Ann. § 2.2-3900. Nonetheless, Home Depot correctly states that "the Act does not create a private cause of action to enforce alleged violations except in narrowly defined circumstances.  <u>See</u> <u>Id.</u> § 2.2-3903(A) ("Nothing in this chapter...creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions, except as specifically provided in subsections B and C.").  The Act creates a cause of action for employees who have been subject to wrongful discrimination when the employer has more than five and fewer than fifteen employees.  <u>Id.</u> § 2.2-3903(B),(C).  Importantly, subsection D prohibits a cause of action based on the public policies reflected in the Act unless the conditions of § 2.2-2639(B) and (C)

7

have been met.  Id. § 2.2-3903(D); see also Doss v. Jamco, Inc., 254 Va. 362, 372 (1997).

The court stressed that "Virginia courts have consistently held that a plaintiff does not have a cause of action under the VHRA unless the conditions of § 2.2-2639(B) and (C) have been met."  Blackenship v. City of Portsmouth, 372 F. Supp. 2d 496, 501 (E.D. Va. 2005); see also Easter, 2006 U.S. Dist. LEXIS 101668 at n.6 ("The Virginia Human Rights Act does not create a general cause of action for discrimination, and therefore will not be considered by the Court.").

Here, the special conditions of 2.2-2639(B) and (C) are not met because, as Home Depot contends, "Plaintiff does not (and cannot) allege that he had an employment relationship of any sort with Home Depot."  Tellingly, the Virginia Office of the Attorney General, Division of Human Rights previously informed Gray that "the issues...described against Home Depot do not appear to articulate a violation under the Virginia Human Rights Act."  (Docket No. 1-1, Compl, Attach. 1.)

Accordingly, Count I (Gray's VHRA claim) will be dismissed for failure to state a claim.

**B.   Intentional Infliction Of Emotional Distress**

Count II of the First Amended Complaint is captioned "Intentional and Negligent Infliction of Emotional Distress." (Docket No. 11, Am. Compl., at 7-9.)  However, the body of the First Amended Compliant does not even conclusorily allege that Home Depot

acted negligently.   Thus, the Court will consider that Count II of Gray's First Amended Complaint posits a putative claim only for *intentional* infliction of emotional distress.

The elements of such a claim requires Gray to allege and prove that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe." Harris v. Kreutzer, 271 Va. 188, 203 (2006); accord Mason v. Wyeth, Inc.,183 Fed. Appx. 353, 364 (4th Cir. 2006).   Home Depot argues that the First Amended Complaint fails to allege both the type of action and the type of injury required to maintain this claim.   See (Docket No. 14, Mem. in Supp., at 9-9-13).

First, Home Depot claims that Gray "does not plead the type of outrageous conduct required for element two of the tort."   Id. at 9.   Gray makes the conclusory assertion that "Defendant's actions were carried out with conduct that was outrageous." (Docket No. 11, Am. Compl., ¶ 33).   Yet, conclusions need not be accepted, and a mere recitation of the elements of a claim is not enough to survive a Rule 12(b)(6) motion to dismiss.   See Iqbal, 556 U.S. at 678.   Here, Gray makes no allegation of any specific communication, statement or use of particular language [used by the Home Depot employee]."   He instead asserts that an "outrageous hostile argument" occurred, (Docket No. 11, Am. Compl., at ¶ 11), but he provides no facts or

contextual information supporting the vague allegation of outrageousness. Thus, Gray's First Amended Complaint does not plausibly assert that "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" Russo, 241 Va. at 24.

Second, Home Depot asserts that Gray has not pled facts sufficient to plausibly show that he can meet element three of this claim. Namely, Home Depot argues that Gray does not show, except in a conclusory form, that he suffered "emotional injury so severe that no reasonable person could be expected to endure it." (Docket No. 14, Mem. in Supp., at 10-11) (citing King v Chesapeake, 478 F. Supp. 2d 871, 873 (E.D. Va. 2007)).[5] In particular, Gray alleges that he suffered "severe emotional distress over the incident," but that conclusory statement is not accepted at face value. (Docket No. 11, Am. Compl. at ¶ 38).

Gray has alleged a whole host of injuries that he claims to be the result of the November 6, 2013 incident at Home Depot. These injuries range from "embarrassment" to "back muscle spasms, . . .

---

[5] Home Depot admits that the "issue is closer on the intentional infliction distress claim" than it would be if this Court were considering Gray's negligent infliction of emotional distress claim because a claim for negligent infliction of emotional distress "requires a physical manifestation of injury immediately contemporaneously with the incident." (Docket No. 14, Def.'s Mem. in Supp, at 12 (citing Michael v Sentara Health Sys., 939 F. Supp. 1220, 1234 (E.D. Va. 1996)).

extreme high blood pressure, . . . and depression." (Id. at ¶¶ 37–38).

Gray indicates that he has since received both "physical therapy
. . . [and] psychiatric treatment" to treat the physical and
emotional injuries that he attributes to Home Depot's conduct.   (Id.
at ¶ 38).   However, as Home Depot argues, the articulation of those
injuries amount only to an assertion of run-of-the mill physical
ailments and stress, which, under Virginia law, are not enough to
support a claim of intentional inflection of emotional distress.
(Docket No. 14, Def.'s Mem. in Supp., at 12 (citing Russo v. White,
241 Va. 23, 28 (1991)).

   For the foregoing reasons, Count II will be dismissed.

**C.   Title VII Provisions Related To Contracts**

   Count III of the First Amended Complaint purports to allege that
Home Depot violated 42 U.S.C. § 1981 and 42 U.S.C. § 1982.[6]

   In relevant part, 42 U.S.C. § 1981 states "all persons...shall
have the same right . . . to make and enforce contracts . . . as is
enjoyed by white citizens."   Section 1982 states "all citizens . . .
shall have the same right . . . as is enjoyed by white citizens . . .
to inherit, purchase, lease, sell, hold, and convey real and personal
property."   Id. § 1982.

---

[6] The heading to Count III in Gray's First Amended Complaint includes
a reference to 42 U.S.C. § 2000, however that allegation is addressed
separately by Count V.

Though the First Amended Complaint makes reference to 42 U.S.C. § 1982, Mr. Gray does not allege any facts suggesting that he was denied the right to "inherit, purchase, lease, sell, hold, or convey...property."[7]   Rather, his allegations seem to be focused on the premise that Home Depot interfered with his "right to . . . enforce [a] contract[]" and denied him the "equal enjoyment . . . of a contractual relationship."

To sustain a § 1981 action, a plaintiff must show three things: (1) membership in a protected class; (2) discriminatory intent on the part the defendant; and (3) interference with the rights or benefits associated with making and enforcing contracts.  Sparrow v. Bank of Am., N.A., 2014 U.S. Dist. LEXIS 123011 (D. Md. Sept. 4, 2014) (citing Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 349 (4th Cir. 2013)).

First, the First Amended Complaint does not clearly allege facts showing that Gray is a member of a protected class.  He repeatedly refers to the white men involved in this incident (the Home Depot employee and the other customer) as members of the "non protected class," but does not indicate his own race or allege his membership

---

[7] Gray's Second Amended Complaint seems to realize this shortcoming. In the Second Amended Complaint, Gray alleges additional facts suggesting that, in addition to being denied the opportunity to return previously purchased spray cans, he was also not permitted to purchase additional new spray cans.

in a protected class.[8]   Second, Gray has not alleged any facts indicating that Home Depot intentionally discriminated against him on the basis of his race.   Although the First Amended Complaint contains conclusory allegations of "racial animus," nowhere are there facts sufficient to plausibly support the allegation that Gray was intentionally treated differently from the white customer ahead of him in line because of his race.   Failure to plead such facts is sufficient on its own to find that Gray's claim in Count III is implausible and fails to meet the pleading standard.   Home Depot's most extensive argument about the § 1981 claim is addressed to the third element (the "interference" element).

At the core of Gray's contract claim is an assertion that the employee's refusal to process his return violated the Home Depot return policy posted in the store.   In the First Amended Complaint, Gray asserts the "Home Depot Return Policy Sign Posted in the store next to the customer service return desk" read:

> You may return most new, unopened items sold by Home Depot within 90 days of purchase for a full refund, unless otherwise noted below.   Returns made without a valid sales receipt or after 90 days of purchase will be exchanged or refunded to a Home Depot store credit or a Home Depot Commercial Account for the lowest advertised price.

(Docket No. 11, Am. Compl., at ¶ 17.) (emphasis added).

---

[8] The Court will presume, for purposes of this motion, that Gray is a member of a protected class.   `

13

In the First Amended Complaint, Gray asserts that he took a photo of this sign. (Id., at ¶ 19.) The Court ordered Mr. Gray to file a copy of the photo as an exhibit to his Amended Complaint. (Docket No. 10, Order.) The First Amended Complaint does not satisfy that directive. However, Exhibit 4 of Gray's proposed Second Amended Complaint is a photocopy of a return policy containing the above quoted language. (Docket No. 16-5.) The photocopy is somewhat blurry, but it appears as though the language is the same as the language quoted by Gray in his First Amended Complaint.

Home Depot asserts that Gray inaccurately quotes Home Depot's Return Policy in his First Amended Complaint. (Docket No. 14, Mem. in Supp., at 14.) Home Depot asserts that the return policy reads:

> You may return most new, unopened items sold by Home Depot within 90 days of purchase for a full refund, unless otherwise noted below. Returns made without a valid sales receipt or after 90 days of purchase may be exchanged or refunded to a Home Depot store credit or a Home Depot Commercial Account for the lowest advertised price.

(Id., at 14-15) (emphasis added). Exhibit A to Home Depot's initial Memorandum in Support of Motion to Dismiss is a color photograph of a sign displaying Home Depot's Return Policy. (Docket No. 4-1.) The language that appears on this photograph is identical to the language quoted by Home Depot in its Memorandum in Support of its current Motion to Dismiss.

The only apparent difference between Gray's Exhibit 4 and Home Depot's Exhibit A is that Gray's Exhibit 4 shows the language under the first bullet of the Return Policy to be "Returns . . . <u>will be</u> exchanged or refunded. . . ." and Home Depot's Exhibit A shows the language under the first bullet to be "Returns . . . <u>may be</u> exchanged or refunded . . ." Otherwise, the two images do not contain contradictory language.

This inconsistency is puzzling. Home Depot's Exhibit B to its Memorandum in Support of its Motion to Dismiss the original Complaint states that Home Depot's Return policy has not changed since November 6, 2013 (the date of the incident and the date Gray states he took his photograph of the return policy sign). (Docket No. 4-2.) Additionally, Gray includes a copy of Defendant's Exhibit A (the photograph of the return policy with the "may be" language) as an attachment to his own proposed Second Amended Complaint without acknowledging the obvious inconsistency. (Docket No. 16-7). Home Depot's most recent filing, its Motion for Relief from Local Civil Rule 7(E) also fails to address this apparent inconsistency.

As Home Depot points out, the correct language of the Return Policy is relevant to whether Home Depot "interfere[d] with the rights or benefits associated with making and enforcing contracts." <u>Sparrow,</u> 2014 U.S. Dist. LEXIS 123011. Home Depot argues that, "even if Home Depot's return policy were a part of the sales contract," Gray does not have a valid claim because the language of the Return

Policy is permissive and "Home Depot is under no legally enforceable obligation to accept returns without a receipt." (Docket No. 14, Def.'s Mem. in Supp, at 16.) In the end, it is not necessary to address this theory because, as explained above, Gray has not alleged facts to satisfy the discriminatory intent element of his § 1981 claim. That alone necessitates the conclusion that Count III does not strate a plausible claim to relief under 42 U.S.C. § 1981. Count III will thus be dismissed.

### D.   Negligence In Hiring And Training

Count VI alleges that Home Depot was "negligent in hiring and training" a "white male know[n] for hatred of black people in an area known for past/present hatred of black people" and this negligence was a "direct and proximate cause" of Gray's injuries.

As Home Depot correctly notes, "an employer is liable for negligent hiring where the employer 'fails to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which...it should have been foreseeable that the hired individual posed a threat of injury to others." (Docket No. 14, D's Mem. in Supp., at 16) (citing Morgan v. Wal-Mart Stores East, LP, 2010 U.S. Dist. LEXIS 116400, *9 (E.D. Va. Nov. 1, 2010)).

Home Depot argues that Gray's negligent hiring claim fails because Gray does not allege a "serious physical injury" or that the employee presented a "threat of injury." Id. And, it is correct that the First Amended Complaint does not plead that the employee posed a threat of injury to others. More importantly though is that Gray does not allege facts that plausibly posit that Home Depot knew or should have known that the Home Depot employee who allegedly harmed him posed a threat of injury.

Instead, Gray's theory of foreseeability appears to rest on the premise that "Defendant['s] place of business is located in an area known for past/present racial hatred of black people." (Docket No. 11, Am. Compl., at ¶ 48). That contention, even if accepted as true, merely addresses where the store is located, not what the company knew, or should have known, about the employee. A broad allegation that Home Depot acts negligently whenever it hires white males to work in a store "located in an area known for past/present racial hatred of black people" is, of itself, quite nonsensical. More importantly, it is insufficient under the law to support Count IV.

Gray's First Amended Complaint also states that Home Depot failed to "train its employees" and failed to provide "sensitive EEO training." (Docket No. 11, Am. Compl., at ¶ 49). However, as Home Depot points out, negligent training is not recognized as a tort in Virginia. See Morgan, 2010 U.S. Dist. LEXIS 116400 at *4 ("[T]his Court is not aware of any case from the Supreme Court of Virginia

17

or lower courts that recognizes the distinct tort of negligent training."). Thus, this theory is legally insufficient predicate for Count IV.

### E.   Violation Of 42 U.S.C. § 2000

Count V of the First Amended Complaint alleges that Gray was denied the "full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations" of a "place of public accommodation" on the basis of "race, national origin, sex, and disability" in violation of Title II of the Civil Rights Act (See Docket No. 11, Am. Compl., at ¶ 56).

The statute provides a "comprehensive list of establishments" that qualify as places of public accommodation,' namely:

    i.   Hotels and other businesses providing 'lodging to transient guests;'

    ii.  Restaurants and other facilities 'principally engaged in selling food for consumption on the premises;'

    iii. '[P]lace[s] of exhibition or entertainment'; and

    iv.  Establishments that are within or that purport to be a covered establishment."

Zhang v. Ross Store, Inc., 2011 U.S. Dist. LEXIS 155505, *9-10 (E.D. Va. May 17, 2011); see also 42 U.S.C. § 2000a.

Gray alleges that Home Depot qualifies as a place of public accommodation because it offers "other services as sales of food items, water, and soda[] beverages." (Docket No. 11, Am. Compl., ¶ 53). Home Depot responds that Home Depot is a retail store and

is thus, not a place of public accommodation.   (Docket No. 14, Def's Mem. in Supp., at 18 (citing Zhang, 2011 U.S. Dist. LEXIS 155505 (holding that a clothing retail store is not a place of public accommodation under Title II))).   Home Depot asserts that Gray fails to offer any authority for the proposition that selling some food or beverage items transforms a hardware store into a "facility principally engaged in selling food for consumption on the premises." Id. at 19.

The First Amended Complaint fails to allege sufficient facts to plausibly state that Home Depot falls within any of the categories enumerated in Title II of the Civil Rights Act.   Even accepting that Home Depot sells water, other beverages and some food items, the First Amended Complaint fails to allege plausible facts that would permit a finding that Home Depot is "principally engaged in selling food for consumption on the premises."   Furthermore, the First Amended Complaint does not allege that Gray was denied equal enjoyment of a restaurant or similar facility located on the premises of Home Depot (a retail location).   Rather, it is alleged only that Gray was denied equal enjoyment of Home Depot, a retail location not considered a place of public accommodation under Title II.

Therefore, Count V will be dismissed for failure to state a claim upon which relief may be granted.

### F.   Tortious Interference With A Contract

Count VI alleges tortious interference with a contract.   The facts alleged in this section are largely the same as those contained within Count II, which alleges that Home Depot deprived Gray of his contractual rights on the basis of race.

To establish a prima facie claim for tortious interference with a contract, a plaintiff must plead the following elements: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of that contractual relationship or business expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.   See Storey v. Patient First Corp., 207 F. Supp. 2d 431, 447 (E.D. Va. 2002).

Home Depot alleges that this Count must fail because the First Amended Complaint fails to allege that a third-party interfered with the contract between Gray and Home Depot.   Home Depot cites law stating, "it is axiomatic that a party cannot interfere with his own contract."   (Docket No. 14, Def's Mem. in Supp., at 19 (citing Storey, 207 F. Supp. at 448 (E.D. Va. 2002)).   Although that premise of law is correct, the same case cited by Home Depot also states, "if it can be shown that an agent of a party to the contract was acting outside the scope of his employment in tortiously interfering with such contract, then the aggrieved party may be entitled to recover."

20

Storey, 207 F. Supp. at 488.   Gray has alleged that "Defendant [the Home Depot employee's] act . . . went beyond his authorized duties and the scope of employment." (Docket No. 11, Am. Compl, ¶ 59).   If that allegation is to be taken at face value, then Gray's claim would be against the employee not against Home Depot.   Thus, in either event, Count VI fails against Home Depot under the rationale of Storey.

However, Count VI fails for a more basic reason:  the absence of a contract or expectancy.   The return policy is a permissive policy, not a contract that was susceptible of interference.   Absent the existence of a contractual entitlement, the tort claim for interference with contract must fall.

## 2.   The Proffered Second Amended Complaint

Gray has previously amended his complaint.   And, the First Amended Complaint has been found wanting, and will be dismissed for the reasons set out in Section 1 above.   The proffered Second Amended Complaint does not cure the deficiencies.   Home Depot has suggested that the best course is to allow the filing of the Second Amended Complaint and then allow it to file another motion to dismiss.   That, however, would be an exercise in futility because the Second Amended Complaint manifests the same defects that necessitated dismissal of the First Amended Complaint.   Under Foman v. Davis, 371 U.S. 178 (1962), an amendment should not be permitted if the filing of an amendment would be futile.   And, it would be a wasteful exercise to

21

permit the filing of an amendment and then have to decide another motion to dismiss.   Therefore, Gray's MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Docket No. 16) will be denied.

The defendant's MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(E) (Docket No. 17) will be denied as moot because there is no need for a hearing given the disposition of the motion to dismiss.

## CONCLUSION

For the reasons set forth above, Home Depot's RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT (Docket No. 13) will be granted; Gray's MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Docket No. 16) will be denied; and the MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(E) (Docket No. 17) will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff and counsel of record.

It is so ORDERED.

                                        /s/        REP
                              _____
                              Robert E. Payne
                              Senior United States District Judge


Richmond, Virginia
Date:  January 14, 2015